# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR THE ISSUANCE OF A CRIMINAL COMPLAINT

I, Meghan Ronayne, being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I have been employed by HSI since August 2020 and I am currently assigned to the Office of the Special Agent in Charge in Boston, Massachusetts. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia where I trained to become a federal agent and received certifications in the Criminal Investigator Training and the HSI Special Agent Training Programs.

2. As an HSI special agent, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, including but not limited, to violations of 18 U.S.C. §§ 2422, 2251, 2252, and 2252A. I have received training in the investigation of child pornography, child exploitation, and transportation of minors, and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256).

3. This affidavit is submitted in support of an application for a criminal complaint charging Joseph Michael SMITH ("SMITH"), year of birth 1962, with Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) (the "SUBJECT OFFENSE").

4. Based upon the facts described in this affidavit, there is probable cause to believe that on or about November 10, 2021, in Spencer, Massachusetts, SMITH knowingly committed the SUBJECT OFFENSE.

1

5. The information in this affidavit is based on an investigation conducted by law enforcement agents, including myself. This affidavit does not contain every fact known to me with respect to this investigation. Rather, it contains those facts that I believe to be necessary to establish probable cause for the issuance of the requested criminal complaint.

## RELEVANT STATUTES

6. Title 18, United States Code, Section 2252A(a)(5)(B) states, in relevant part: "Any person who—knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . shall be punished . . . ."

7. Title 18, United States Code, Section 2256(8) defines child pornography as, among other things, "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct . . . ."

## FACTS ESTABLISHING PROBABLE CAUSE TO BELIEVE THAT SMITH COMMITTED THE SUBJECT OFFENSES

8. I have been participating in an investigation into the Possession, Receipt and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (a)(2). On November 9, 2021, I was the affiant in an application for search warrants involving, *inter alia*, 2

2

Old Farm Road, Spencer, Massachusetts (the "SUBJECT PREMISES"), which is also SMITH's residence (the "Search Warrant").

9. On November 10, 2021 at approximately 6:12 a.m., law enforcement officials executed the Search Warrant at the SUBJECT PREMISES. During the execution of the Search Warrant, agents provided SMITH with his *Miranda* warnings. SMITH indicated he understood those rights and signed a *Miranda* waiver form to that effect. SMITH indicated he wished to waive his rights and speak with the agents. Agents spoke with SMITH in a downstairs bedroom.

10. During the interview, when agents told SMITH that they were there investigating child pornography, SMITH stated "yes, I have a problem" or words to that effect. When asked about where SMITH obtained child pornography, he responded "no comment" or words to that effect.

11. When asked about his emails, SMITH admitted that the emails "cutenamehere@outlook.com" and "cutenamehere1@yahoo.com" were his emails. Agents asked SMITH about the email address "cutenamehere1@protonmail.com" and SMITH confirmed that this email was also his.

12. Based on my investigation, all three of these emails identified in Paragraph 11 were associated with three Kik Messenger[1] usernames (1) robMcD69, (2) leonlittlecast and (3) jmsre2 used to upload child pornography to Kik chat groups and/or other users between October 7, 2020 and May 29, 2021.

13. SMITH told agents that child pornography would be found on his black laptop at SMITH's desk / workstation in the basement of the SUBJECT PREMISES. SMITH told the agents that his nephew gave him the black laptop years ago. When agents asked SMITH

---

[1] Kik Messenger (hereinafter, "Kik") is a free instant messaging application for mobile devices used to transmit messages, images, videos, and other content.

whether SMITH's nephew put child pornography on the black laptop, SMITH responded "no" and further stated that he (SMITH) put the child pornography on the black laptop.

14. SMITH further indicated that there was a silver HP laptop that he used for his work also located at his (SMITH) desk / workstation in the basement of the SUBJECT PREMISES.

15. Agents subsequently located both a black Compaq Presario CQ57 laptop (the "Compaq Laptop") and a silver HP laptop on SMITH's work desk in the basement.

16. SMITH provided his passwords to multiple devices, including the Compaq Laptop. Agents conducted an on-scene preliminary forensic review of the Compaq Laptop, including a preliminary forensic review of a 256GB SanDisk USB ("the SanDisk USB") that was found inserted into a USB port in the Compaq Laptop. It appeared to the forensic examiners that SMITH was running a Linux operating system from the SanDisk USB.

17. During the preliminary forensic review of the SanDisk USB, agents located suspected child exploitation material in a folder containing 35 videos, some of which had file names consistent with child exploitation material.[2]

18. Based on my training and experience, most of the videos recovered from the SanDisk USB depict child pornography. For purposes of this affidavit, three video files are specifically described below:[3]

---

[2] I note that the "Date Modified" and "Date Created" for all 35 videos were between September 26, 2021 and November 7, 2021. While a more comprehensive forensic examination may provide further information about when those videos were uploaded and/or accessed, I believe that the "Date Modified" and "Date Created" information may indicate that SMITH also possessed child pornography as early as September 26, 2021. To be clear, I do not seek a criminal complaint for possession of child pornography for dates other than November 10, 2021 but provide this information to the Court as I believe it is relevant to the Court's consideration of probable cause.

[3] To avoid unnecessary in-person interaction given the health concerns posed by the current COVID-19 pandemic, I do not plan to provide a copy of these images to the Court. I am aware that the "preferred

4

a. Video file "Baby_girl_pissed_on_102_3474.mov" is approximately one minute 39 seconds in length. The video depicts a Caucasian female estimated to be under the age of two. The female is laying on her back, naked, with an opened diaper under her, with her legs spread open, exposing her vagina. The video further depicts a black or brown erect penis urinating on the child.

b. Video file "BrooklynDT_480P.mp4" is approximately one minute and 44 seconds in length. The video displays a prepubescent Caucasian female estimated to be approximately seven to nine years old performing oral sex on an adult Caucasian male.

c. Video file "HDV_151.mp4" is approximately two minutes and 23 seconds in length. The video displays a clothed Caucasian female child estimated to be approximately four to six years old. The video further depicts a Caucasian male, standing in front of the female child, and placing his erect penis in the child's mouth. At the end of the video, the male ejaculates into the child's mouth and she spits it out.

[remainder of page intentionally left blank]

---

practice" in the First Circuit is that a Magistrate Judge view images relied upon for the issuance of a criminal complaint, and, in this context, to determine whether the images depict the child pornography. *See United States v. Brunette*, 256 F.3d 14, 18-19 (1st Cir. 2001). Here, however, the descriptions I offer throughout "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F. 3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). As stated herein, the images depict a lascivious display of the genitals of prepubescent minor children. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice is for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added). The description of the files here is specific as to the age of the alleged child and the nature of the sexually explicit content that it depicts, and the Court thus need not view the file to find that it depicts child pornography.

# CONCLUSION

19.     Based on the foregoing, I believe that there is probable cause to believe that SMITH has committed the SUBJECT OFFENSE, and I request that the Court issue the requested criminal complaint.

Sworn to under the pains and penalties of perjury,

*Meghan Ronayne /DHN*
Special Agent Meghan Ronayne
Homeland Security Investigations

SUBSCRIBED and SWORN before me telephonically pursuant to Fed. R. Crim. P. 4.1(d)(3) this 10th day of November 2021.     12:58 p.m.

*David H. Hennessy*
HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE